## UNITED STATES

v.

Craig Alan RENAUD, 483 13 8068, Aviation Structural Mechanic Hydraulic Technician Third Class (E–4), U.S. Navy.

NMCM 83 1746.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Oct. 1982.

Decided 29 July 1983.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

CDR G. Sid Smith, JAGC, USN, Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

PER CURIAM:

We have examined the record of trial, the trial defense counsel's response to the staff judge advocate's review, the summary assignments of error and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

■ We specifically find, from our examination of the entire record, that the evidence established beyond a reasonable doubt appellant's guilt to specification 2, of Additional Charge I. We find that a full exposition of the testimony of all parties was presented, as well as evidence of the physical conditions present at the time of the alleged disobedience of a superior petty officer's order. The military judge's instruction to the members fully and adequately presented the law related to the physical impossibility defense. We find that the findings arrived at by the members were fully supported by the evidence presented before them at trial.

■ We further reject appellant's contention that an unsuspended bad-conduct discharge was inappropriately severe. Appellant makes much of the staff judge advocate's recommendation that the adjudged bad-conduct discharge be suspended and the supervisory authority's decision not to concur with that recommendation. We find that the supervisory authority's action was entirely appropriate. The reasons for not concurring with the recommendations of the staff judge advocate were adequately justified in the supervisory authority's statement of disagreement, to which the trial defense counsel and appellant were afforded a rebuttal opportunity.

■ We reject trial defense counsel's contention that the supervisory authority is not permitted to consider matters outside the record of trial in determining an appropriate action on the sentence. We direct trial defense counsel's attention to Chapters XVII and XIX of *Manual for Courts-Martial, 1969 (Rev.)*. The supervisory authority here, properly assessed appellant's past performance and conduct within his squadron, and concluded that the overall command's readiness, discipline, and morale would be adversely affected by appellant's return to duty; that appellant's performance and conduct within the brig was indicative of a lack of rehabilitative potential, and that

this pretrial and post-trial behavior was consistent with the offenses of which appellant was here convicted: disobedience of the orders of a superior petty officer and a superior commissioned officer, in two separate incidents.

It may be that the staff judge advocate sincerely is of the opinion that these offenses, against military authority, supplemented by additional offenses of assault, and. a period of unauthorized absence of approximately 32 days, do not warrant an unsuspended bad-conduct discharge. However, the ultimate and appropriate authority to render action on the sentence below, is the supervisory authority, subject to the strictures of the Code. Articles 64, 65, Uniform Code of Military Justice, 10 U.S.C. §§ 864, 865. That authority has disagreed with the advice of the staff judge advocate, and we find he has fully justified his decision to approve the sentence as adjudged by the court members and approved by the convening authority. We find that the specific evidence here of appellant's demonstrated inability to obey reasonable and appropriate orders, under the circumstances, of a superior commissioned officer and of a superior petty officer, contrary to the views of the staff judge advocate, are serious offenses of misconduct. Those who have difficulty properly assessing the seriousness of such general behavior need look no further than the operational demands placed upon the naval services and the obvious necessity to maintain disciplined and responsive units.

In consideration of the entire record, including appellant's clemency request, the findings and sentence as approved on review below are affirmed.

We note that the court-martial order does not indicate that Charge III and its related specification were dismissed by the military judge. A supplemental court-martial order should be issued to correct this deficiency.